# EXHIBIT

# 1

01135775-1

Hamilton Law, PLC
1803 Whites Rd., Ste. 5
Kalamazoo, MI 49008



7020 1290 0001 7850 9825


1020


49048

U.S. POSTAGE PAID
PM 1-Day
PORTAGE, MI
49024
AUG 05, 21
AMOUNT
$12.15
R2305E124266-6

Kalamazoo County Jail, Sheriff Richard Fuller,
Deputy Downy, Sergeant Herrick, Nurse Quinley,
Sergeant Shriner, Sergeant Doorlag
1500 Lamont Ave
Kalamazoo, MI 49048



**Hamilton Law, PLC**
Estate Planning and Business

Philip E. Hamilton, Esq.
*Attorney & Counselor at Law*
D: 269.488.8396
M: 269.336.5528
E: phil@hamiltonlawplc.com

**August 5, 2021**

Sent Via U.S. Certified Mail:

Kalamazoo County Jail
1500 Lamont Ave
Kalamazoo, MI 49048

Sheriff Richard Fuller
1500 Lamont Ave
Kalamazoo, MI 49048

Deputy Downy
1500 Lamont Ave
Kalamazoo, MI 49048

Sergeant Herrick
1500 Lamont Ave
Kalamazoo, MI 49048

Nurse Quinley
1500 Lamont Ave
Kalamazoo, MI 49048

Sergeant Shriner
1500 Lamont Ave
Kalamazoo, MI 49048

Sergeant Doorlag
1500 Lamont Ave
Kalamazoo, MI 49048

Re:   Carouthers v. Kalamazoo County Jail, Sheriff Richard Fuller, Deputy Downy, Sergeant Herrick, Nurse Quinley, Sergeant Shriner, Sergeant Doorlag
Case No.: 2021-0286-NO

Dear Sir/Madam:

Please find enclosed a Summons, Complaint and Jury Demand for the above reference matter. Please acknowledge service on the second page of the Summons and return it to my office at your earliest convenience. If you have any question, please contact my office at 269.488.8394.

Sincerely,

/s/ *Philip E. Hamilton*

**Philip E. Hamilton**
*Attorney & Counselor at Law*

Enclosures
Cc:   Tony Carothers

Hamilton Law, PLC • 1803 Whites Rd, Ste 5 • Kalamazoo, MI 49008 • P: 269.488.8394 • F: 269.488.8394
www.HamiltonLawPLC.com

*This document may be confidential, protected by the attorney-client privilege, subject to the work-product doctrine, federal or state rules of evidence regarding offers to compromise or settle and/or various other rules, law or doctrines barring unlawful disclosure.*

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| **STATE OF MICHIGAN** | | **SUMMONS** | **CASE NO.** | |
| 9th | JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | 2021- 0386 - NO | |

**Court address**
150 East Crosstown Parkway, Kalamazoo, MI 49001

**Court telephone no.**
269.383.8837

| Plaintiff's name(s), address(es), and telephone no(s). | | Defendant's name(s), address(es), and telephone no(s). |
|---|---|---|
| TONY CAROUTHERS | v | KALAMAZOO COUNTY JAIL, SHERIFF RICHARD FULLER, DEPUTY DOWNY, SERGEANT HERRICK, NURSE QUINLEY, SERGEANT SHRINER, SERGEANT DOORLAG<br><br>1500 Lamont Ave<br>Kalamazoo, MI 49048<br>(269) 383-8821 |

Plaintiff's attorney, bar no., address, and telephone no.
Philip E. Hamilton (P68814)
Hamilton Law, PLC
1803 Whites Rd, Ste 5
Kalamazoo, MI 49008
(269) 488-8394 | phil@hamiltonlawplc.com

FILED
JUL 1 2 2021
9TH JUDICIAL CIRCUIT
KALAMAZOO, MICHIGAN

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has

been previously filed in ☐ this court, ☐ _____ Court, where

it was given case number _____ and assigned to Judge _____.

The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.          **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 7-12-2021 | 10-11-2021 | [signature] |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) **SUMMONS**     MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN
IN THE 9TH CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

TONY CAROUTHERS,

    Plaintiff,

v.

Case No. 2021- ⌬⌬⌬⌬ - NO
Judge **ALEXANDER C. LIPSEY**

KALAMAZOO COUNTY JAIL,
SHERIFF RICHARD FULLER,
DEPUTY DOWNY, SERGEANT HERRICK,
NURSE QUINLEY, SERGEANT SHRINER,
SERGEANT DOORLAG, all in their official capacities,
Jointly and Severally,

    Defendants.

Philip E. Hamilton (P68814)
Hamilton Law, PLC
1803 Whites Rd, Ste 5
Kalamazoo, MI 49008
O: 269.488.8394
F: 269.488.8398
phil@hamiltonlawplc.com
*Attorneys for Plaintiff*

## COMPLAINT AND JURY DEMAND

Plaintiff, Tony Carouthers ("Plaintiff" or "Mr. Carouthers"), by and through his attorneys, Hamilton Law, PLC, and for his Complaint allege as follows:

### Introduction

1. This is an action for money damages for negligence and the violations of the constitutional rights of Plaintiff Tony Carouthers by Kalamazoo County Jail, Kalamazoo County Sheriff Richard Fuller, various correctional officers/personnel employed at the Kalamazoo County Jail, pursuant to 42 USC § 1983. Said correctional officers/personnel, acting at all times under the

color of law, demonstrated deliberate indifference to the serious medical needs of Tony Carouthers, in violation of his rights under the Eighth and Fourteenth Amendments of the United States Constitution. During Plaintiff's incarceration he continuously demanded, and was repeatedly refused, medical and dental treatment. For days, Plaintiff needlessly suffered through excruciating pain and suffering while being refused reasonable medical and dental care, ultimately causing him to have emergency surgery. Plaintiff, by and through this lawsuit, seeks to right a wrong and bring justice to a constitutionally injustice practice.

## Parties, Jurisdiction & Venue

2.  Plaintiff Tony Carouthers is an individual residing in Kalamazoo County, Michigan.

3.  Defendant Kalamazoo County Jail is a county organized and operating under the laws of the State of Michigan.

4.  On information and belief, Defendant Sheriff Richard Fuller was the Kalamazoo Sheriff for Kalamazoo County Jail from September 9, 2018, to September 28, 2018.

5.  On information and belief, Defendant Deputy Downey was employed as a deputy by the Kalamazoo County Jail from September 9, 2018, to September 28, 2018.

6.  On information and belief, Defendant Sergeant Herrick was employed as a sergeant at the Kalamazoo County Jail from September 9, 2018, to September 28, 2018.

7.  On information and belief, Defendant Nurse Quinley was employed by the Kalamazoo County Jail as a nurse on or about September 9, 2018, to September 28, 2018.

8.  On information and belief, Defendant Sergeant Doorlag was employed at the Kalamazoo County Jail as a Sergeant on or about September 9, 2018, to September 28, 2018.

9. On information and belief, Defendant Sergeant Shriner was employed at the Kalamazoo County Jail as a sergeant on or about September 9, 2018, to September 28, 2018.

10. Jurisdiction and venue are proper in this court as Defendants operate in Kalamazoo County, Michigan and this matter involves claims over $25,000, exclusive of attorneys' fees, costs and expenses.

## General Allegations

11. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

12. On or about the evening of September 9, 2018, Mr. Carouthers was an inmate at Kalamazoo County Jail where he began experiencing severe gum pain in his front teeth and swelling in his mouth.

13. When Deputy Downey came to cell 215 to collect Mr. Carouthers orange jumpsuit, Mr. Carouthers informed Deputy Downey of his tooth pain to which Deputy Downey responded, "there is nothing I can do because there is no nurse."

14. Mr. Carouthers reiterated to Deputy Downey that this pain was so severe that he needed to see a doctor. Mr. Carouthers then proceeded to push the panic button in his cell.

15. Deputy Downey told the Kalamazoo County Jail employees in the Tower to disregard the panic button call from cell 215 because Deputy Downey already told Mr. Carouthers that there was nothing Deputy Downey could do about Mr. Carouthers' tooth pain.

16. Deputy Downey left Mr. Carouthers' cell. Immediately after Deputy Downey left, Mr. Carouthers pushed the panic button in his cell. Usually when pushed, the panic button makes a sound and someone from the Tower responds, however, when Mr. Carouthers pushed the panic button this time, the button was silent and no one from the Tower ever responded.

17. That night, Mr. Carouthers continued to push the panic button in his cell, but no one ever responded to his call. Upon information and belief, Deputy Downy instructed the tower, where the panic buttons are controlled, to turn off the panic button in Mr. Carouthers' cell so that there would be no way for Mr. Carouthers to inform Defendants of his medical condition.

18. The next morning Mr. Carouthers woke up with excruciating mouth pain. As the Kalamazoo County Jail was serving breakfast, Mr. Carouthers headed towards the cafeteria and noticed another panic button in the dayroom walkway. He pushed the panic button. This panic button made a sound and someone from the Tower asked what the emergency was. Mr. Carouthers said that he needed immediate medical attention because his mouth was swelling causing severe pain. He requested to speak to a Sergeant.

19. The individual employees of Kalamazoo County Jail in the Tower responded to Mr. Carouthers that the sergeant on duty that night, Sergeant Herrick, was already aware of Mr. Carouthers' complaints.

20. After breakfast that day, personnel at the Kalamazoo County Jail finally allowed Mr. Carouthers to see a nurse.

21. Nurse Quinley briefly examined Mr. Carouthers' mouth and swollen lips. She noted the inside of his mouth and lips looked irritated and placed Mr. Carouthers on a ten-day protocol consisting of administering Bactrim on his upper gums and teeth.

22. Shortly after receiving the Bactrim, and all through part of the next night, Mr. Carouthers' lip swelled up as if he were having an allergic reaction to the Bactrim.

23. By the next morning, Mr. Carouthers lips and gums were still swollen, and he still had pain in his gums; however, the swelling had subsided a bit.

24. That day, Mr. Carouthers saw Nurse Quinley again. He told her that he believed he was allergic to the Bactrim because after receiving the Bactrim the previous day, his lip swelled up even more and he continued to have severe gum pain.

25. Nurse Quinley simply replied that Mr. Carouthers needed to allow time for the Bactrim to get into his system and work.

26. Over the next few days Mr. Carouthers continued to suffer from mouth pain and swelling in his gums. The pain and swelling were so bad that he could not eat solid foods. He was forced to survive off oatmeal.

27. Every time a nurse would see Mr. Carouthers, they would give him Bactrim, despite Mr. Carouthers repeated complaints that the Bactrim was not working to soothe his pain or reduce the swelling but rather further irritating his mouth and gums.

28. Mr. Carouthers continued to suffer in pain for several days. The condition of his gums only worsened.

29. Each time a deputy would make their observation rounds and come to his cell, he would complain to the deputy that he was in severe pain and his lips were swollen. He would request to see the Sergeant on duty; however, the deputies would only respond to Mr. Carouthers' pleas by saying that there was no nurse available to see him or that the Sergeant was already aware of his medical condition.

30. On or about September 24, 2018, Mr. Carouthers was again in excruciating pain. He began banging on the window of his cell.

31. Deputy Mitchell came to Mr. Carouthers' cell and asked him why he was banging on the windows. Mr. Carouthers replied that he was in severe pain and desperately needed medical attention. He again requested a Sergeant.

32. Deputy Mitchell summoned Sergeant Herrick. When Sergeant Herrick arrived at Mr. Carouthers cell, she was horrified to see the condition of Mr. Carouthers' face. Sergeant Herrick uttered something to the effect of "oh my God Tony look at your face."

33. Mr. Carouthers repeated to Sergeant Herrick that he has been trying for the last week to see a Sergeant so the Sergeant could send him to a doctor.

34. Sergeant Herrick proceeded to take Mr. Carouthers to the Medical Unit. She gave him two Benadryl, even though she is not a medical professional, and she is not qualified to dispense medications to inmates.

35. On or about September 24, 2018, Mr. Carouthers was finally admitted to the Medical Unit of Kalamazoo County Jail. He stayed there for two days.

36. During those two days, the medical staff, including but not limited to Nurse Quinley, continued to give Mr. Carouthers Bactrim. Mr. Carouthers told medical staff that the Bactrim was not working.

37. The medical staff was supposed to tend to Mr. Carouthers' medical emergency; however, they simply ignored Mr. Carouthers and his complaints. Each time he saw a nurse pass by his room in the medical unit he would knock on the window to get their attention, but they would walk past his room and ignore his pleas for help.

38. On or about September 26, 2018, Nurse Arthur evaluated Mr. Carouthers and finds that Mr. Carouthers has a high blood pressure, a fever, and sunken in eyes. Nurse Arthur reported these findings to other employees at the Kalamazoo County Jail and approximately 15 minutes later Mr. Carouthers is informed that he will be transported to a nearby hospital for treatment.

39. Deputy Demperial arrived at the medical unit and transported Mr. Carouthers to Bronson Hospital.

40. Bronson Hospital admitted Mr. Carouthers and diagnosed him with a maxillary dental abscess that failed antibiotic therapy.

41. Mr. Carouthers underwent oral surgery consisting of draining the mouth abscess and removing Mr. Carouthers' eighth and ninth teeth.

42. On or about September 28, 2018, Bronson Hospital discharged Mr. Carouthers in stable condition with instructions to take clindamycin.

43. Mr. Carouthers is protected under the Due Process Clause of the Fourteenth Amendment United State Constitution.

44. Mr. Carouthers is protected under the Eighth Amendment of the United States Constitution.

45. Defendants' actions were the result of deliberate indifference towards Mr. Carouthers' medical condition and constituted violations of Mr. Carouthers' constitutional rights.

### Exhaustion of Legal Remedies

46. Mr. Carouthers exhausted all administrative remedies by following the prisoner grievance procedures at Kalamazoo County Jail. On September 9, 2018, September 14, 2018, and October 12, 2018, Mr. Carouthers filed grievances against Deputy Downey and Sergeant Herrick regarding the lack of medical care provided to Mr. Carouthers. Sergeant Herrick and Lieutenant Bishop denied Mr. Carouthers' grievances. The grievances, responses and medical requests related to this matter are attached as **Exhibit A**.

### Count I - Deprivation of Adequate Medical Care in Violation of the Fourteenth and Eighth Amendments (42 USC § 1983) Against Individual Defendants

47. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

48. Defendants failed to provide adequate medical care in violation of Plaintiff's Fourteenth and Eighth Amendment Constitutional rights.

49. Defendants owed a duty to Mr. Carouthers, as a detainee of the Kalamazoo County Jail, to provide him with appropriate and reasonable medical care upon being informed of Mr. Carouthers' medical complaints, including but not limited to:

   a. Proper monitoring of Mr. Carouthers' health and physical condition;

   b. Regularly examining to examining Plaintiff for signs and symptoms of medical illness or disease after he had made complaints regarding such;

   c. Detecting signs and symptoms of Plaintiff's serious health condition and providing timely intervention of the same.

50. Mr. Carouthers had a serious medical need – massive lip swelling, severe gum pain, and an abscess in his mouth.

51. Mr. Carouthers repeatedly informed Defendants of his medical condition.

52. Despite Defendants' knowledge of the ongoing suffering of the Plaintiff, they refused to take reasonable steps to provide for Plaintiff safety and provide medical attention, at variance with constitutional standards as follows:

   a. Failing to take heed of the seriousness of Plaintiff's complained of condition when they were aware that the Plaintiff was suffering from a serious medical condition, in this case massive lip swelling, severe gum pain, and a mouth abscess.

   b. Failing to have Plaintiff evaluated by a medical professional within a reasonable time of registering complaints of his condition while in the custody of Defendants when he was suffering from a potentially fatal medical condition.

Case 1:21-cv-00758-PJG  ECF No. 1-1, PageID.16  Filed 08/30/21  Page 13 of 20

53. Defendants knew or should have known that that Mr. Carouthers faced a substantial risk of serious harm if his medical needs went untreated. As such, Defendants exhibited deliberate indifference towards Mr. Carouthers' medical needs by not taking reasonable steps to treat Mr. Carouthers' medical needs and consciously disregarding Mr. Carouthers' medical emergency.

54. At all pertinent times, Defendants acted, or purporting to act, in the performance of their official duties.

55. As a result of Defendants deliberate indifference and failure to render adequate medical care, Mr. Carouthers needlessly suffered significant injury and the unnecessary and pointless infliction of pain in violation of his constitutional rights.

56. Defendants' conduct was a substantial factor in causing the needless exacerbation of Mr. Carouthers' medical condition.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount Plaintiff is found to be entitled, as determined by the trier of fact, together with punitive damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC § 1988.

### Count II - Deprivation of Necessities in Violation of the Fourteenth and Eighth Amendments (42 U.S.C. § 1983) Against Individual Defendants

57. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

58. Defendants subjected Mr. Carouthers to prison conditions that deprived him of basic rights – the right to medical care.

59. Mr. Carouthers was imprisoned under conditions that deprived him of adequate and basic medical care. This deprivation was sufficiently serious in that it denied Mr. Carouthers a minimal necessity of life.

60. Defendants' conduct created a substantial risk of serious harm to Mr. Carouthers' health and safety in violation of Mr. Carouthers' constitutional rights under the Eighth and Fourteenth Amendment.

61. Defendants knew that their conduct created a substantial risk of serious harm to Mr. Carouthers' health and safety; yet, consciously disregarded such risk and harm to Mr. Carouthers.

62. There was no reasonable justification for the deprivation.

63. Defendants were acting or purporting to act in the performance of their official duties.

64. Mr. Carouthers was harmed in that he needlessly suffered from massive lip swelling, severe gum pain, and an abscess in his mouth. As such, Defendants' conduct was a substantial factor in causing Mr. Carouthers harm.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount Plaintiff is found to be entitled, as determined by the trier of fact, together with punitive damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC § 1988.

### Count III – Violations of Plaintiff's Constitutional Rights Under 42 USC § 1983 Against Defendants Kalamazoo County and Kalamazoo County Sheriff Richard Fuller

65. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

66. Defendants' duties to Mr. Carouthers, include the duty to provide reasonable and adequate medical attention in a reasonable time after Mr. Carouthers originally complained about his medical problem. In addition, these duties include the duty to implement and monitor any adequate hiring and training program for all officers/personnel working at the Kalamazoo County Jail to properly respond to medical emergencies and complaints.

67. Defendants failed in these duties to adequately train Kalamazoo County Jail personnel to properly respond to medical complaints and Defendants historically have had a policy, custom, and practice of failing to implement an adequate training program to properly train Kalamazoo County Jail personnel.

68. Defendants adopted, ratified and/or implemented the policies, practices and procedures which denied Mr. Carouthers medical treatment within reasonable time and did so with deliberate indifference to Mr. Carouthers' serious medical needs thereby violating his constitutional rights.

69. The acts and omissions of Defendants were all committed under the color of law and under the color of their official authority as a County, County Department, and employees of such.

70. The acts and omissions in failing to implement an adequate training program to properly train Kalamazoo County Jail personnel resulted in Defendants adoption and ratification of a historical policy, custom, and practice of denying residents of the Kalamazoo County Jail, such as Mr. Carouthers, adequate medical care which constituted deliberate indifference and was the moving force behind Defendants violation of Mr. Carouthers' civil rights guaranteed by the Constitution, and thus actionable under 42 USC § 1983.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount Plaintiff is found to be entitled, as determined by the trier of fact, together with punitive damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC § 1988.

### Count IV – Negligence

71. Plaintiff hereby incorporates by reference all preceding paragraphs as though fully set forth herein.

72. At all relevant times, Plaintiff, as an incarcerated individual, was under the care, custody and control of Defendants.

73. Defendants owed Plaintiff a duty to use reasonable care with regard to Plaintiff's medical and dental care needs while under Defendants' care, custody and control.

74. By failing to properly, efficiently and reasonably expeditiously attend to Plaintiff's medical and dental care needs, all the while Plaintiff expressing to Defendants the excruciating pain he was in, Defendants breached their duty to Plaintiff to use reasonable care with regard to Plaintiff's medical and dental care needs while under Defendants' care, custody and control.

75. Defendant's breach of duty was a proximate cause of Plaintiff's damages.

76. Plaintiff was damaged and injured as a result of Defendants' negligence.

WHEREFORE, Plaintiff requests judgment against Defendants, jointly and severally, in whatever amount Plaintiff is found to be entitled, as determined by the trier of fact, together with punitive damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable.

Respectfully submitted,

HAMILTON LAW, PLC

/s/ Philip E. Hamilton

Date: July 8, 2021

---

Philip E. Hamilton (P68814)
Attorneys for Plaintiff

# EXHIBIT A

# Kalamazoo County Jail
## Resident Grievance Form

Sunday Night Monday Morning)
Linen exchange Date: 9-9-18 (9-12-18) Rec'd  A#: 178991  Cell: Pod 2.15

Name: Tony Cacowithers

**Statement of Grievance** (detail all facts: who, what, when, where, all witnesses):

The reason for This Grievance is Because, Deputy Dowey fail to do his Job as a Deputy (Derilation of Duty) Expectation of staff 1 Rule 1 and 4. I was in serve Pain, my Tooth Broken, and The Meds That was given To me wasn't working. So That Night I express that To Deputy Dowey on my Knees crying in Pain. He states if nothing he can do. So I hit The emergency Button seeking futher help, Deputy Dowey Told Tower to disregard The Button, Then Had Tower shut The Button off, which was (Abuse of Athority) and Deny Me and my Bunky access to The Emergency Not Know if I would have a heart attack for my Blood Pressure Being elavated Do to my (High Blood pressured) or From The Pain Being So serve he didn't Know what was going Through my head if I wanted To Kill myself or Not. He Deputy Dowey Just Took all choise of option from me at That Time which is (Crual and unusual punishment), Deputy Dowey is the kind of Person That would allow a inmate to suffer and Die, not realizing that we a still people, (human Beings) That made Bad decisdon. Now Just as if I Broke The law I would Be Punish. So should Deputy Dowey be Sanction for what he did also, By Not caring and having The Button cut off (use back if needed) and disregard The issue That Was happening at this Time.

**Recommended Solution:** Deputy Dowey should get Days off No Pay and should Not Be able to work The pods or on any rock again, he should Be Place at The Desk where Those Kind of Decision don't have to be made due To his Lack of concern and empity Towards The human race.

**Officer Responding:**                                                    **Date:**

**Response:**

# Kalamazoo County Jail
## Resident Grievance Form

Step 2 Grievance
Sgt. or Lt.

Date: 9-14-18  A#: 178991  Cell: P-215

Name: Tony Carruthers

**Statement of Grievance** (detail all facts: who, what, when, where, all witnesses): The reason for this Step 2 Grievance is because the first step was not resolved. Deputy Downey is a liar. I never ask Deputy Downey for Tylenol. Why would I ask for Tylenol when they was already giving Anti-Biotics, and Tylenol for my tooth, it evident that it wasn't working. I was in serve pain, on my knees asking for medical attention, as they was passing out linen, Deputy Downey said that if wasn't he could do, so I hit the Emergency Button. Deputy Downey told the tower to disregard the button, then shortly after that the Emergency Button was cut off for the rest of the night, leaving me and my chunky helpless in the cell. If I would have had a heart attack do to my high blood pressure being increased from the serve pain that I was in, then I would have die do to Deputy Downey ignorance, by having the emergency button cut off and not seeking medical attention for men just because I'm in jail, that doesn't make me a animal. I am still a human being and I still have rights, and Deputy Downey broke my rights as a human being when he did what he did. He abuse his Authority when he had the Emergency Button cut off, and I was made to suffer with serve pain Trobbing through my mouth and body, and not allow to seek medical atten which was also cruel and unusual punishment. Deputy Downey also broke rules 1 and 4 of Expectation of staff which is Dereliction of Duty. This is a serious issue that really needs to be address

(use back if needed)

**Recommended Solution:** Again Deputy Downey should get Days off with no pay and should not be allow to work the pods or any other rock for the matter. When he comes back from suspension he should be place at a deck where these kind of decision doesn't have to be made by him, do to his lack of concern and empity towards the human race.

Officer Responding: Sgt. Herrick  Date: 9/15/18

Response:

Mr. Carothers,

1st Deputies do not have the medical authority to hand out medication. There wasn't a nurse on until later in the shift and Dep. Downey advised you he would tell the nurse.

2nd Per the video camera you were not on your knees begging/asking for medical attention during linen pass. You were leaning against the wall or door frame.

3rd Per the tower operator on duty that the call button was never turned off.

The Nursing staff is in charge of prescribed medications. They may need to go another route for your tooth issue. Fill out a medical kite.

Step 3 grievance The First Time I Filed
it was 9-16-18 to 9-17-18

Lt. Bishop
Step 3 grievance

# Kalamazoo County Jail
## Resident Grievance Form

Date: 10-12-18    A#: 178991    Cell: P-215

Name: Tony Carouthers

**Statement of Grievance** (detail all facts: who, what, when, where, all witnesses): The reason I'm Pursuing This Step 3 grievance on Deputy Downey is because step 1 and step 2, Didn't get resolved, and now I Know for sure. That There! conspiracy going on here and sgt Herrick is the ring Leader of it all. Deputy Downey did everything I said # id in step 1 and step 2, which you can get copies of them out of The File or I have copies of them if you need them. Sgt Herrick is Lying also, The Button was Cut off for The rest of The Night, and The sgt Never watch No Video because if she did she would have seen me standing in The door of My cell grabbing Face asking for Medical Attention, as he handed me my Linen Then I Turn around going Down on one Knee, with My Face sitting or laying on The seat or chair The made Coming out of The wall, asking Deputy Downey for Medical Attention. He Told me That it was Nothing he Could Do. I stood up and gave him my oranges and hit The emergency Button, and He Told Tower To disregard The call. Then shorly after The Button was cut off for The rest of The night. Good Thing I have The Phone To my witness Because I'm being Criminal charges against Both of them. 10 Day I was hospitalize, and Told That I had a sist in my Gums or Tuomor, which They had To have surgery and Took it out. It probably could have be avoided if I was Taken more serious and given medical attention Then. I am suing Them for what I to go Through Those 10 Days. They Both was in cohesion with each other, running a racket which (Any dishonest Practice) because they violated my Due Process rights, and Broke Policy. Abuse of Athority, Dereliction of Duty, Cruel and unusual Punishment, By Not Seeking Medical Attention For Me, and wouldn't allow me to seek medical attention, by Having The emergency Button cut off all Night on me. That morning for Breakfast I had to come out and hit The Button in The Day I did ask to speak to The Sgt and Tower Told Me That Deputy Downey talk to The Sgt Already, and I Told Tower That They Violated my shit, when They cut my Button off all night. They are in cohesion with each other and I want to Take Action today.

(use back if needed)

**Recommended Solution:** I would Like to File a Police report with The State Police on Deputy Downey and sgt Herrick. Can you Please call The state Police for me. it's my rights as a human Being to file a Police report on whoever I feel That has violated my rights or wrong me. So can you Please call the state Police so That I can File My Police report. That's Now my Recommended Solution.

Officer Responding: H. Bishop    Date: 10-22-18

**Response:** Mr. Carouthers,

These issues have been addressed in my response to you on September 20th. There are no further issues detailed in this Grievance that have not been addressed. I have attached a copy of that response in the event you have misplaced the original.

Respectfully,

H. Bishop #297