UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONY CAROUTHERS,

    Plaintiff,                                      Hon. Hala Y. Jarbou

v.                                                     Case No. 1:21-cv-758

KALAMAZOO COUNTY JAIL, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendants' Motion for Summary Judgment. (ECF No. 29). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part and this matter terminated.

## BACKGROUND

Plaintiff initiated this action in state court on July 12, 2021. (ECF No. 1). Plaintiff is suing: (1) the Kalamazoo County Jail; (2) Kalamazoo County Sheriff Richard Fuller; (3) Kalamazoo County Deputy Sheriff Unknown Downey; (4) Kalamazoo County Jail Sergeant Unknown Herrick; (5) Kalamazoo County Jail Sergeant Unknown Doorlag; (6) Kalamazoo County Jail Sergeant Unknown Shriner; and (7) Nurse Unknown Quinley. In his complaint, Plaintiff alleges the following.

-1-

On or about September 9, 2018, Plaintiff was an inmate at the Kalamazoo County Jail. Plaintiff began experiencing "severe" gum pain and swelling in his mouth. Defendant Downey informed Plaintiff that "there is nothing I can do because there is no nurse." Plaintiff responded that he needed to be examined by a doctor and then activated the "panic button" in his cell. Downey instructed jail staff to disregard Plaintiff's panic button. Plaintiff continued pressing his panic button without response because his panic button had been disconnected.

When Plaintiff awoke the following morning, he was experiencing "excruciating" pain. While walking to breakfast, Plaintiff activated a panic button located in a walkway. Plaintiff reported that he required medical attention. After breakfast, Plaintiff was examined by Defendant Quinley who prescribed Bactrim. Later that day, however, Plaintiff's "lip swelled as if he were having an allergic reaction." Quinley examined Plaintiff the next day and instructed him to let the medication "get into his system and work." Over the next several days, Plaintiff continued to experience gum swelling and mouth pain so severe that he was unable to eat solid foods. Plaintiff was instead "forced to survive off oatmeal." Plaintiff continued taking his prescribed medication, but his condition did not improve.

On or about September 24, 2018, Plaintiff began experiencing "excruciating" pain. Defendant Mitchell responded to Plaintiff who requested medical attention. Mitchell summoned Defendant Herrick who transported Plaintiff to the jail's Medical Unit where he was admitted for treatment. Defendant Quinley continued to provide

Bactrim for Plaintiff despite Plaintiff's protestations that Bactrim was not improving his condition. Two days later, Plaintiff was transported to a hospital where he was diagnosed with "maxillary dental abscess that failed antibiotic therapy." Plaintiff underwent surgery to drain the abscess and remove two teeth.

Plaintiff alleges that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment. Plaintiff also advances a failure to train claim against Kalamazoo County and the Kalamazoo County Sheriff. Finally, Plaintiff advances a state law negligence claim. Defendants removed the matter to this Court and now move for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## **SUMMARY JUDGMENT STANDARD**

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence,

which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 993 F.3d at 474.

## ANALYSIS

### I.  Eighth Amendment Claims

Plaintiff asserts both Eighth and Fourteenth Amendment claims against the individual defendants for allegedly denying him appropriate medical treatment. The Eighth Amendment, however, does not apply to Plaintiff, who was a pretrial detainee when the relevant events occurred. *See, e.g., Greene v. Crawford County, Michigan*, 22 F.4th 593, 605 (6th Cir. 2022). Rather, the right enjoyed by a pretrial detainee to be free from deliberate indifference to his serious medical needs arises from the Due Process Clause of the Fourteenth Amendment. *Ibid.* Accordingly, the undersigned recommends that Plaintiff's Eighth Amendment claims against Defendants Fuller, Downey, Herrick, Doorlag, Shriner, and Quinley be dismissed.

### II.  Qualified Immunity and Sovereign Immunity

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated. *Ibid.* When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). The individual Defendants assert they are entitled to relief on this basis.

Plaintiff responds that qualified immunity is not relevant in this matter because "all of the individual government defendants are being sued by Plaintiff, not in their personal capacities, but rather all in their official capacities." (ECF No. 32, PageID.474). Plaintiff's assertion is consistent with his complaint in which he clearly indicates that he is suing all Defendants "in their official capacities." (ECF No. 1-1, PageID.8). Thus, Plaintiff is correct that qualified immunity is not available to the individual defendants. *See, e.g., Benison v. Ross*, 765 F.3d 649, 665 (6th Cir. 2014) ("qualified immunity is a personal defense that applies only to governmental officials in their individual capacities"). The undersigned, therefore, recommends that the motion for qualified immunity asserted by Defendants Fuller, Downey, Herrick, Doorlag, Shriner, and Quinley be denied.

This does not end the immunity analysis, however. Because Plaintiff is suing the individual defendants in their official capacities only and is seeking only monetary relief, these defendants are entitled to sovereign immunity. *See, e.g., Courser v. Allard*, 969 F.3d 604, 618 (6th Cir. 2020) (a "suit against an individual in his official capacity is the equivalent of a suit against the governmental entity" and "Eleventh Amendment sovereign immunity protects states, as well as state officials sued in their official capacity for money damages, from suit in federal court"). The undersigned recommends, therefore, that Plaintiff's official capacity claims against Defendants Fuller, Downey, Herrick, Doorlag, Shriner, and Quinley be dismissed on Eleventh Amendment sovereign immunity grounds.

### III.     Failure to Train Claim

Plaintiff asserts a failure to train claim against Defendant Kalamazoo County. Section 1983 is the means by which "persons" who violate the constitutional rights of others can be held accountable. *See* 42 U.S.C. § 1983. While "municipalities and other local governmental bodies" are considered "persons" under § 1983, Kalamazoo County cannot be held liable under § 1983 solely because it employs a tortfeasor. *Board of County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 403 (1997). To impose liability on Defendant, Plaintiff must establish that he suffered a constitutional injury as a result of "official municipal policy." *Connick v. Thompson*, 563 U.S. 51, 60 (2011). Official municipal policy includes "the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.* at 61.

In his complaint, Plaintiff fails to allege any facts, which, if proven, would establish that his rights were violated as a result of "official municipal policy." Instead, Plaintiff merely advances vague statements and legal conclusions. More importantly, in response to the present motion, Plaintiff has failed to present or identify any evidence which would demonstrate that his rights were violated due to any official policy. Accordingly, the undersigned recommends that Plaintiff's failure to train claim against Defendant Kalamazoo County be dismissed.

## IV.   State Law Claims

In response to Defendants' motion, Plaintiff states that he "agrees to voluntarily withdraw and dismiss his state law negligence claims against Defendant[s] Fuller, Downey, Herrick, Shriner, Doorlag, Baldwin, and [Kalamazoo] County." Plaintiff does not indicate whether he is seeking dismissal with or without prejudice. Considering the following: (1) the considerable cost and effort Defendants' have already expended in discovery; (2) the fact that Plaintiff did not offer to withdraw these claims until Defendants' filed a motion for summary judgment; and (3) Plaintiff's failure to articulate any rationale supporting a dismissal without prejudice, the undersigned recommends that Plaintiff's state law claims be dismissed with prejudice. *See, e.g., Bridgeport Music, Inc. v. Universal-MCA Music Publishing, Inc.*, 583 F.3d 948, 953-54 (6th Cir. 2009).

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendants' Motion for Summary Judgment (ECF No. 29) be granted in part and denied in part. Specifically, the undersigned recommends that with respect to Plaintiff's federal law claims, Defendants' motion for summary judgment be granted. The undersigned further recommends that Plaintiff's state law claims be dismissed with prejudice. For the same reasons the undersigned makes these recommendations, the undersigned finds that an appeal of such would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445

(1962).  Accordingly, the undersigned further recommends that an appeal of this matter by Plaintiff would not be in good faith.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice.  28 U.S.C. § 636(b)(1)(C).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                                                           Respectfully submitted,

Date: October 26, 2022                        /s/ Phillip J. Green
                                                     PHILLIP J. GREEN
                                                     United States Magistrate Judge